IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DARRYL CHEATHAM, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:12cv263-HEH |
| | ) |
| NGM INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
(Granting Defendant's Motion to Dismiss)

This matter is before the Court on Defendant NGM Insurance Company's ("Defendant") Motion to Dismiss (ECF No. 3). The motion has been fully briefed and is now ripe for decision. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not materially aid in the decisional process. For the reasons set forth herein, the Motion will be denied.

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Viewed through this lens, the allegations are as follows.

This case arises out of a breach of contract between Plaintiffs and Chris Bradley ("Bradley"), who holds an insurance policy issued by Defendant (the "Policy"). On July 21, 2008, Plaintiffs entered into a written construction contract (the "Contract") with Bradley to repair their home. At the time, Bradley operated a business under the name "Alpha & Omega Restoration Services, LLC" ("Alpha"), which specialized in construction, repair, and remodeling of residential real estate. (Compl. at ¶ 5.)[1] Under the Contract, Bradley agreed to perform certain construction, mold remediation, and remodeling services for a total cost of $67,000.00. During the course of the negotiations, Bradley represented that he was a licensed contractor capable of performing these services. (Id. at ¶ 9.)

Plaintiffs immediately delivered to Bradley the first of three checks made payable to Alpha in the amount of $22,333.00 and Bradley began work. (Id. at ¶¶ 11-12.) A few weeks later, Bradley contacted Plaintiffs and requested a second payment of $22,333.00. At that time, he informed Plaintiffs that he had not yet received the permit necessary to complete the mold remediation from the City of Richmond, Virginia. (Id. at ¶¶ 13-14.)

Ultimately, Bradley failed to complete the job within the contractually agreed time of sixty days. (Id. at ¶ 15.) Further, Bradley performed substandard work, leaving the property uninhabitable. (Id. at ¶ 17.) Plaintiffs then discovered that Bradley did not possess a valid contracting license for building and construction within the Commonwealth of Virginia. (Id. at ¶ 19.)

---

[1] Because this case was removed from state court, the Complaint is appended to the Defendant's Notice of Removal at ECF No. 1-2.

On April 27, 2009, Plaintiffs filed a four-count Complaint in the City of Richmond Circuit Court against Bradley and Alpha asserting claims for breach of contract, negligence, misrepresentation and fraud, and gross negligence. (*Id.* at ¶ 22-43.) On May 20, 2011, after denying Bradley's second request for a continuance, the Circuit Court proceeded with trial as scheduled, heard evidence and argument, and entered judgment in the amount of $215,181.67 for fraud and misrepresentation and $43,363.00 for breach of contract, including interest at a rate of 6% per year from the date of judgment until paid. (Circuit Court Order of May 31, 2011, ECF No. 1-3.) The court also awarded Plaintiffs litigation costs. (*Id.* at 2.)

On March 12, 2012, Plaintiffs filed a Motion for Declaratory Judgment in the Richmond Circuit Court, requesting a determination of Defendant's obligations under the insurance policy issued to Alpha and Bradley. (Mot. for Decl. J., ECF No. 1-1.) Specifically, Plaintiffs seek to satisfy the judgment against Bradley and Alpha through the insurance coverage provided by Defendant.[2] (*Id.* at ¶ 3.) Invoking the Court's diversity jurisdiction, Defendant removed the action to this Court on April 11, 2012.[3] (Notice of Removal, ECF No. 1.) On April 13, 2012, NGM filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), challenging the propriety of a declaratory judgment action under these circumstances.

---

[2] Bradley and Alpha have since filed for Bankruptcy Protection, thus preventing an execution of the judgment. (Pls.' Mem. at 4.) This fact was not alleged in the Complaint.

[3] Jurisdiction is proper because the amount in controversy exceeds $75,000.00 and the Virginia Plaintiffs are completely diverse from Defendant, a Florida corporation with its principal place of business in Florida. (Notice at ECF No. 11; Compl. against Alpha & Bradley at ¶ 4.)

3

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Defendant does not dispute that a justiciable controversy exists such that the Court may exercise subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Def.'s Mem. at 4 n.1.) Instead, Defendant argues that Plaintiffs fail to state a claim for declaratory relief, because liability has already been established against the

4

insured parties— Alpha and Bradley—and Defendant has already denied coverage. Stated differently, Plaintiffs seek to impose liability against Defendant, not simply declare rights and obligations.

To that end, Defendant cites Va. Code § 38.2-2200(2) as Virginia's statutory vehicle for pursuing such relief. In part, Va. Code § 38.2-2200 provides, that "no policy or contract insuring or indemnifying against liability . . . shall be issued . . . unless it contains" a provision stating:

> That if execution on a judgment against the insured or his personal representative is returned unsatisfied in an action brought to recover damages for injury sustained or for loss or damage incurred during the life of the policy or contract, then an action may be maintained against the insurer under the terms of the policy or contract for the amount of the judgment not exceeding the amount of the applicable limit of coverage under the policy or contract.

Va. Code § 38.2-2200(2). Virginia courts interpret this provision to require "that liability policies issued in the Commonwealth contain a contract provision providing that a direct action may be brought against the insurance carrier by the injured party if the injured party has obtained a judgment against the insured party which has been returned as unsatisfied." *Martirosov v. Shenandoah Flight Servs., Inc.*, No. CL02-13021, 2003 WL 23312786, at *4 (Va. Cir. Mar. 2, 2003).

While Defendant emphasizes the availability of Virginia's statutory remedy, federal standards guide whether a claim is properly brought under the Declaratory Judgment Act. *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797 (1985); *Miller v. Augusta Mut. Ins. Co.*, 157 Fed. App'x 632, 636 (4th Cir. 2005) (citing *White v. Nat'l Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990) ("Federal standards guide the inquiry as to the propriety of declaratory relief

5

in federal courts"). Once the jurisdictional "case-or-controversy" requirement of Article III is satisfied, a federal court may "entertain a declaratory judgment action when it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue; and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 966 (4th Cir. 1994) (citation and internal quotation marks omitted). Although discretionary, "a district court must have 'good reason' for declining to exercise its declaratory judgment jurisdiction." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004) (quoting *Cont'l Cas. Co.*, 35 F.3d at 965).

The existence of a state statute providing an alternative remedy has no bearing on this Court's subject matter jurisdiction to entertain a declaratory judgment action. But that is not the issue here. There remains the question whether, applying federal standards, a federal court should entertain a declaratory judgment when doing so will merely add an additional step in pursuit of final relief. Thus, the issue here is whether a claim for declaratory relief is proper under the federal standards given: (a) the monetary judgment already rendered against the insured; and, (b) the maturity of the statutory claim that Plaintiffs may now assert against Defendant.

Applying the Fourth Circuit's guidance from *Cont'l Cas. Co.*, a declaratory judgment is not an appropriate vehicle for resolution of the present dispute. If the Court declared the rights of the parties under the Policy, it would still be necessary for Plaintiffs to satisfy the requirements of Va. Code § 38.2-2200(2) to ultimately collect the insurance proceeds. Merely obtaining a judgment that Defendant is obligated to indemnify Bradley

and Alpha is insufficient—Plaintiffs must also show that they have unsuccessfully attempted to collect from them. Thus, fashioning declaratory relief would fail to "settl[e] the legal relations" or "terminate and afford relief" between Plaintiff and Defendant, in that further litigation would ensue if Plaintiffs prevailed in their declaratory judgment action. *Cont'l Cas. Co.*, 35 F.3d at 966; *see also Surefoot LC v. Sure Foot Corp.*, 531, F.3d 1236, 1248 (10th Cir. 2008) (instructing courts to consider "whether there is an alternative remedy which is better or more effective"); *Douros v. State Farm Fire & Cas. Co.*, 508 F. Supp. 2d 479, 483 (E.D. Va. 2007) ("'The intent of the declaratory judgment statutes is not to give parties greater rights . . . but to permit the declaration of those rights before they mature'") (quoting *Liberty Mut. Ins. Co. v. Bishop*, 177 S.E.2d 519 (Va. 1970)).

Indeed, Plaintiff has indicated that its claim under Va. Code § 38.2-2200(2) has matured and that it could amend its pleading to include such a legal claim. (Pl.'s Br. at 4.) Responding, Defendant indicates that it would not oppose a motion to amend the Complaint to bring an action under the Virginia statute. Accordingly, the Court will dismiss the declaratory judgment claim, without prejudice, and will also entertain a motion for leave to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Sept. 5, 2012
Richmond, Virginia